IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOMO BARNETT, | : | CIVIL ACTION NO. **1:CV-11-0906** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| YORK COUNTY, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On April 25, 2011, Plaintiff Jomo Barnett, an inmate at the State Correctional

Institution at Camp Hill, Camp Hill, Pennsylvania, filed, *pro se*, this civil rights action, pursuant

to 42 U.S.C. § 1983, in the United States District Court for the Eastern District of Pennsylvania.

(Doc. 1). Plaintiff also filed a Motion to proceed *in forma pauperis*. On May 9, 2011, the

District Court for the Eastern District of Pennsylvania granted Plaintiff's *in forma pauperis* Motion

and transferred this case to the District Court for the Middle District of Pennsylvania since

Plaintiff was confined in the Middle District and since his claims arose in the Middle District.

(Doc. 4). Plaintiff's Complaint was filed in the Middle District on May 9, 2011. (Doc. 5).

Plaintiff attached exhibits to his Complaint, Exs. A-D. Plaintiff does not challenge any conditions

related to his confinement at SCI-Camp Hill. Rather, Plaintiff's present constitutional claims

occurred on April 28, 2008, when he was out of prison on state parole and living in West

Manchester Township, York County, Pennsylvania.

On May 20, 2011, Plaintiff filed a Motion for Leave to File an Amended Complaint under Rule 15(a), along with a proposed Amended Complaint. (Docs. 7 and 8). Plaintiff seeks to add two more claims to the three claims he raised in his original Complaint. In his original Complaint, Plaintiff states that he raised claims under § 1983 for malicious prosecution, abuse of process and malicious abuse of process. In his Motion for Leave to File an Amended Complaint, Plaintiff states that he wants to add claims for intentional infliction of emotional distress ("IIED") and loss of wages. In his proposed Amended Complaint, Plaintiff states that his claims for malicious prosecution, abuse of process, malicious abuse of process, IIED and loss of wages are all brought under §1983. Plaintiff's IIED and loss of wages claims are Pennsylvania state law claims and not claims under §1983. Also, Plaintiff's abuse of process claim is a Pennsylvania state law claim and not a claim under §1983. *See Napier v. City of New Castle*, 407 Fed.Appx. 578, 582 (3d Cir. 2010). Thus, we find that only Plaintiff's claims of malicious prosecution and malicious abuse of process are brought under §1983. *Id.*

Plaintiff was not required to file a Motion for Leave to File an Amended Complaint under Rule 15(a) since his original Complaint has not yet been served on any Defendant. In any event, we will recommend that the Court grant Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 7).

As stated, Plaintiff's Motion for Leave to Proceed *in forma pauperis* was granted. (Docs. 1 and 4). This Court has jurisdiction over Plaintiff's original and Amended Complaints under 28 U.S.C. §1331 and §1343, and venue is proper since Plaintiff was located within the

Middle District of Pennsylvania during the relevant times and all Defendants are located within this District.[1]

## II. Allegations of Complaint and Amended Complaint.

Plaintiff's original claims are set forth on a form 8-page civil rights Complaint. (Doc. 5). As stated, Plaintiff filed an Amended Complaint on May 20, 2011. (Doc. 8). We review both of Plaintiff's pleadings. Plaintiff names the following nine (9) Defendants in his Complaints: Detective David Bixler; Parole Agent Kirk Loos; Parole Agent Kevin Swartz; Parole Agent Craig Siebert; Parole Agent Mike Naylor; York County; West Manchester Township; West Manchester Township Police Department; and PA Board of Probation and Parole ("PBPP"). (Doc. 5, pp. 1-3). In his original Complaint, Plaintiff does not indicate if he sues the individual Defendants in either their official or personal capacities. (*Id.*). However, in his Amended Complaint, Plaintiff states that he sues the individual Defendants in both their official and personal capacities. (Doc. 8, p. 1).

Plaintiff initially avers that the events giving rise to his claims occurred on "4/28/08." (Doc. 5, p. 2). In his amended pleading, Plaintiff again avers that his claims accrued on April 24, 2008. (Doc. 8, p. 2).

---

[1]Plaintiff also seems to seek this Court to exercise jurisdiction over his pendent state law claims under 28 U.S.C. §1367. (Doc. 5, p. 4). Plaintiff appears to raise state law claims to the extent he alleges Defendants' conduct violated his rights under Section 8, Article I of the Pennsylvania Constitution, and to the extent he raises an abuse of process claim as well as an IIED claim and a loss of wages claim. As discussed below, we will recommend that Plaintiff's claims for damages under Section 8, Article I of the Pennsylvania Constitution be dismissed. We will also recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims since we find that he has failed to state a viable federal claim.

Plaintiff's original Statement of Claim is as follows:

Det. Bixler, Parole Officers Craig Siebert, Kirk Loos, and Kevin Swart used a parole spot check for a criminal subterfuge for a criminal investigation. York County and West Manchester Township chose to charge plaintiff with PWID with the knowledge that Darien Wallace accepted responsibility of drugs and signed a statement on himself. A suppression hearing was held and denied. Det. Bixler and parole agent Siebert secured all the residence of 1706 Baron Dr., and agent Swartz accompanied agent Loos on the search of the second floor bedrooms. Once a substantial amount of money was found in petitioner's approved living quarters, Kirk Loos and Kevin Swartz proceeded into another occupant's room. Drugs were allegedly found and seized by parole agents and handed over to Det. Bixler and a warrant was prepared. $9333 dollars were forfeited on 10-7-08. Charges were nol pros on 5-26-09 because the alleged drugs disappeared. Petitioner filed a Return of Property on 6-1-09 in to which has never been addressed. Petitioner avers an Abuse of Process and Malicious Prosecution, petitioner's 4th and 14th Amend. of the U.S.C. and Section 8 of Art I of the Pa. Const. was violated. Petitioner also avers a Malicious Abuse of Process.

(Doc. 5, p. 4).

Plaintiff also avers that he "suffered for 18 months with the thought of a lengthy prison term for something he had no knowledge of," and that the $9,333 which was seized by parole agents during the April 28, 2008 search of the residence at 1706 Baron Drive, York, Pennsylvania, and turned over to Defendant Detective Bixler, was forfeited on October 7, 2008, and has yet to be returned to him. (*Id.*).

As relief in his original Complaint, Plaintiff requests as follows:

Petitioner prays this Honorable Court returns his $9,333 dollars which was illegally seized, including 25% interest for the finances petitioner's finances could be generating. $1,000 a day for each day petitioner's civil rights were violated, and $3,000,000 for the pain and suffering of each day petitioner suffered with the thoughts of a lengthy prison term for a crime he had no knowledge of, including compensatory, punitive and monetary damages.

(*Id.*, pp. 6-7).[2]

Plaintiff indicates in his Amended Complaint that he sues the individual Defendants, Detective Bixler, and Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor, in their official and personal capacities.  (Doc. 8, p. 1).

In his Amended Complaint, Plaintiff alleges that on April 24, 2008, Defendant Siebert received information that he was selling drugs from his approved home and that there were other occupants of the house.  (Doc. 8, p. 2).  Plaintiff states that Defendants Detective Bixler, and Pennsylvania Parole Agents Siebert, Loos, and Naylor secured all of the occupants  at 1706 Baron Drive in violation of his Fourth Amendment rights.  Plaintiff then avers that Defendants Pennsylvania Parole Agents Loos and Naylor went upstairs into his room and discovered a safe under his bed.  Plaintiff alleges that Defendant Bixler asked him where the key to the safe was

---

[2]Plaintiff cannot seek punitive damages against Defendants York County, West Manchester Township and West Manchester Township Police Department.  Plaintiff cannot recover punitive damages from these three Defendants in a §1983 action.  The Supreme Court has determined that, absent a statute to the contrary, punitive damages cannot be awarded against a government entity. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981); *Pirino v. Scranton Police Dept.*, 2005 WL 3006983, *4 (M.D. Pa. 11-9-05)("A municipality may not be held liable for punitive damages under §1983")(citation omitted).  Thus, we will recommend that Plaintiff's claims for punitive damages against Defendants York County, West Manchester Township and West Manchester Township Police Department be dismissed.

Also, as stated below, Plaintiff cannot obtain money damages (both compensatory and punitive) against  Defendants Detective Bixler, and Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor in their official capacities.  Further, as discussed below, Plaintiff cannot obtain money damages for alleged violations of his right under the Pennsylvania Constitution.

Additionally, Plaintiff cannot recover damages for pain and suffering due to mental and emotional distress for each day he thought he faced a lengthy prison term for a crime he did not commit since he does not allege any physical injury. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Kantamanto v. King*, 651 F. Supp. 2d 313, 320, n. 1 (E. D. Pa. 2009).  Thus, we will recommend that this claim for relief be dismissed.

5

and what was in the safe, and that he told Bixler the key was in his pants' pocket and the safe

had "finances for the sell (sic) of legal good's (sic)." (*Id.*).

Plaintiff avers that Defendant Loos found money inside of the safe, and that Loos and

Naylor then went into two other bedrooms "in violation of Defendants (sic) Fourth

Amendment" rights and Article 1, § 8 of the PA Constitution. (*Id.*, p. 3). Plaintiff alleges that

Defendant Loos went downstairs with a chalky substance and handed it over to Defendant

Bixler. Plaintiff states that Darien Wallace, another resident at the house, told Defendants that

the alleged drugs were his, that the room in which the drugs were found was his, and that he

"signed a statement on himself." (*Id.*).

Plaintiff avers that he and Wallace were charged with possession with intent to

deliver, and that his money was seized. Plaintiff states that a suppression hearing was held in

York County Court on "October 7, 2009" and, that his suppression motion was denied by the

Court and his money was forfeited. (*Id.*). In his original Complaint, Plaintiff alleged that his

suppression hearing was held on October 7, 2008. Plaintiff's York County Criminal Docket

Sheet indicates that Plaintiff had a suppression hearing on November 17, 2008, and that his

Motion to Suppress Evidence was denied by the York County Court on the same day. *See*

Plaintiff's York County Criminal Docket Sheet attached to this R&R.

Plaintiff also avers as follows in his Amended Complaint:

> Plaintiff was charged thirteen month's (sic) with possession with
> intent to deliver even though Darien Wallace admitted to the alleged
> drugs being his, and knowing that the defendants used an alleged spot
> check as a subterfuge for 2 police investigation, defendants intentionally
> inflicted emotional distress on plaintiff, the emotional distress sustained

6

by the plaintiff was severe and of a nature that no reasonable man can
be expected to endure.

(Doc. 8, p. 4, ¶ 11).

Plaintiff concludes his allegations in his Amended Complaint as follows:

12.)    Charge's (sic) against plaintiff was nol pro's on May 25, 2009[3] during
the proceeding plaintiff attempted to put in a Return of Property motion,
plaintiff was instructed to file the motion through the Clerk of Courts,
plaintiff has yet to be answered.

13.)    Plaintiff's finance's (sic) which receipts were found on April 24, 2008,
plaintiff's loss of wage's (sic) was incurred through the misuse of the courts
in violation of plaintiff's Fourth Amendment of the United States Constitution,
and Pennsylvania Constitution Article 1 § 8, and the fact that a Return of
Property motion provides for the moving party to be heard, into which
petitioner filed said motion on June 3, 2009 and has yet to be heard violated
plaintiff's Fourteenth Amendment of United States Constitution due process,
defendants asserted on illegitimate application of the power of the state
through the misuse of the courts, through a malicious abuse of process.

(Doc. 8, p. 4, ¶'s 12-13).

In his Amended Complaint, Plaintiff seeks a declaratory judgment against

Defendants, as well as compensatory damages "for emotional and financial injuries" and

punitive damages against all Defendants.[4]  (Id., p. 5).

In his original Complaint, Plaintiff raises claims of abuse of process, malicious abuse

of process and malicious prosecution under the Fourth and Fourteenth Amendments as well as

claims for money damages under the Pennsylvania Constitution.  In his Amended Complaint,

-----

[3]The correct date is May 26, 2009, when the drug charge against Plaintiff was *nolle
prossed*.

[4] As noted above, Plaintiff cannot recover damages for emotional injuries and he
cannot recover damages from the individual Defendants in their official capacities.

Plaintiff adds claims for intentional infliction of emotional distress and loss of wages.  Plaintiff states in his Amended Complaint that all of his five claims are brought under §1983.  As stated, we find that Plaintiff's abuse of process claim, his IIED, and his loss of wages claims are Pennsylvania state law claims.[5]

Also, to the extent Plaintiff names York County, West Manchester Township and West Manchester Township Police Department as Defendants, he raises claims against them under *Monell,* and he alleges that these three Defendants failed to train and supervise their employees.  (Doc. 8, p. 5).

We now screen both of Plaintiff's pleadings as we are obliged to do under the PLRA. *See Mueller v. Centre County,* 2009 WL 4912305 (M.D. Pa.).

**III.  PLRA.**

As stated, the Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 1).  The Prison Litigation Reform Act of 1995,[6] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the

---

[5]As stated below, §1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[6]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

## IV. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential

elements: (1) that the conduct complained of was committed by a person acting under color of

state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or

immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451

U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of*

*Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a

source of substantive rights. Rather, it is a means to redress violations of federal law by state

actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[7] *See also Holocheck v. Luzerne*

*County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

"To make a prima facie case under §1983, the Plaintiff must demonstrate that a

person acting under color of law deprived him of a federal rights." *Mattis v. Dohman*, 260 Fed.

Appx. 458, 460 (3d Cir. 2008)(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed

upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423

U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir.

---

[7]Plaintiff alleges in his pleadings that Defendants Detective Bixler, and PA Parole
Agents Siebert, Loos, Swartz and Naylor were state actors.

1976); *Parratt, supra.* It is also well settled in the Third Circuit that personal involvement of

defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a

complaint must allege such personal involvement. *Id.* Each named defendant must be shown,

through the complaint's allegations, to have been personally involved in the events or

occurrences upon which Plaintiff's claims are based. *Id.; Innis v. Wilson,* 2009 WL 1608502, *2

(3d Cir. 2009). As the Court stated in *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.

1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy,* 2009 WL 533051,*3("a prerequisite for a

viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the

deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra.*

The Court uses the same standard to screen a complaint under the PLRA as it does

for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina,* 2008 WL 144199, *3 (W.D. Pa.).

## V. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County,* 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard
applicable to a motion to dismiss in light of the United States Supreme Court's
decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* -
-- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint
must contain sufficient factual matter, accepted as true to 'state a claim that relief is
plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570).
The Court emphasized that "only a complaint that states a plausible claim for relief

survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
>
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

The Court can consider the exhibits Plaintiff attached to his original Complaint. The

Court in *White v. Probation Office,* 2008 WL 3837045, *1, n. 3 (M.D. Pa.), noted:

> "[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. *See Tilbury v. Aames Home Loan,* 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384-85 n. 2

11

(3d Cir.1994)) (observing that a court may consider exhibits submitted
by the parties when ruling on a motion to dismiss)."

See also Kuniskas v. Walsh, 2010 WL 1390870, *3 (M.D. Pa.).[8]

## VI. Discussion.

1.  Claims for damages against Defendants Detective Bixler, and Pennsylvania
    Parole Agents Siebert, Loos, Swartz and Naylor in their official capacities

As stated above, Plaintiff indicates in his Amended Complaint that he sues the

individual Defendants, Detective Bixler, and Pennsylvania Parole Agents Siebert, Loos, Swartz

and Naylor, in both their official and personal capacities. (Doc. 8, p. 1).  We find that, insofar

as Plaintiff seeks monetary damages (both compensatory and punitive) against these

Defendants, he can only sue these Defendants in their individual or personal capacities. See

Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Meekins v. Beard, 2007 WL

675358, *3 (M.D. Pa.); Atwell v. Schweiker, 2007 WL 2900565 (3d Cir. 2007) (Non-

Precedential).  Thus, we will recommend that to the extent Plaintiff is asserting claims for

compensatory damages against Defendants  Detective Bixler, and Pennsylvania Parole Agents

Siebert, Loos, Swartz and Naylor in their official capacities, they should be dismissed.  See

------

[8]See also Reisinger v. Luzerne County, 2010 WL 1976821, *7 (M.D. Pa.).
Thus, we will consider Plaintiff's Exhibits attached to his original Complaint. (Exhibits  A-D, Doc.
5).  As stated below, we also take judicial notice of Plaintiff's York County Court Criminal
Docket Sheet attached to this R&R.

*Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010);*Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

Plaintiff also cannot seek punitive damages as against Defendants Detective Bixler, and Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor in their official capacities. Plaintiff can only seek punitive damages as against these Defendants in their individual or personal capacities. *See Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625 (1983). Thus, Plaintiff's claims for punitive damages to the extent they are asserted against Defendants Detective Bixler, and Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor in their official capacities, should be dismissed.

Moreover, as noted, Plaintiff cannot seek punitive damages against Defendants York County, West Manchester Township and West Manchester Township Police Department. The Supreme Court has determined that, absent a statute to the contrary, punitive damages cannot be awarded against a government entity. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981); *Pirino v. Scranton Police Dept.*, 2005 WL 3006983, *4 (M.D. Pa. 11-9-05)("A municipality may not be held liable for punitive damages under §1983")(citation omitted).

Thus, Plaintiff's claims for punitive damages against Defendants York County, West Manchester Township and West Manchester Township Police Department should be dismissed.

2.     *Claims for Damages under Pennsylvania Constitution*

As stated, Plaintiff seeks damages against Defendants for alleged violations of his rights under the Pennsylvania Constitution, in addition to damages for alleged violations of his

rights under the Fourth and Fourteenth Amendments of the United States Constitution.  (Doc. 5,

pp. 4 and 6 and Doc. 8, pp. 2-5).  Plaintiff cannot seek money damages from Defendants under

the Pennsylvania Constitution.  Thus, to the extent that Plaintiff seeks money damages from all

Defendants under the Pennsylvania Constitution, it well-settled that he has no private right of

action under the Pennsylvania Constitution for money damages.  Therefore, insofar as Plaintiff is

raising  claims under the Pennsylvania Constitution for damages, these claims are subject to

dismissal with prejudice as against all nine Defendants.  *See Bowers v. City of Phila.*, 2008 WL

5210256, *8 (E. D. Pa.).  Thus, all claims for damages that Plaintiff is making under the

Pennsylvania Constitution against all Defendants should be dismissed as a matter of law.  *See*

*Moeller v. Bradford Co.*, 444 F. Supp. 2d 316, 327 and note 13 (M.D. Pa.)("Pennsylvania has no

statutory equivalent to 42 U.S.C. 1983, which provides a private right of action for a federal

constitutional violation.")(citations omitted); *Brandt v. Borough of Palmyra*, Civil No. 08-0677,

M.D. Pa.; *Maynard v. ENT Surgical Assoc.*, Civil No. 09-1993, M.D. Pa. (1-26-10

Memorandum).[9]

---

[9]The case of *Farrell v. County of Montgomery*, 2006 WL 166519 (E.D. Pa.), also
supports the dismissal of our Plaintiff's claims for damages under the Pennsylvania Constitution.
In *Farrell*, the Court stated:

> Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983,
> which provides a private cause of action for a federal
> constitutional violation. *Morris,* 2005 WL 950615, at *43;
> *Kaucher*, 2005 WL 283628, at * 31.  Although there is some
> support for an action seeking injunctive relief to enforce the
> equal rights provisions of the Pennsylvania Constitution, "there
> has been no such holding as to an action for damages."
> *Kaucher*, 2005 WL 283628, at * 31.

3.    *Defendants County, West Manchester Township and West Manchester Township Police Department*

As mentioned, Plaintiff has named York County, West Manchester Township and West Manchester Township Police Department as Defendants  pursuant to *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978); *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008); *Basile v. Twp. of Smith*, 2010 WL 4687787, *13.  Plaintiff simply alleges that Defendants York County, West Manchester Township and West Manchester Township Police Department failed to train and supervise their employees.[10]

Under *Monell*, "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9

---

*Id.* * 3.

The *Farrell* Court concluded that:

> Plaintiffs are seeking damages for violation of the Pennsylvania Constitution and their claim falls squarely within the persuasive reasoning of *Pollarine, Morris,* and *Kaucher*.  Therefore, Plaintiffs' state constitutional claim fails as a matter of law, and Count III of the amended complaint will be dismissed with prejudice.

*Id.*

[10] Plaintiff also alleges that Defendant PBPP is liable for damages since it failed to train and supervise its employees, namely, Defendants Siebert, Loos, Naylor and Swartz.  As discussed below, the PBPP is not proper a Defendant in this action.  The Eleventh Amendment bars Plaintiff's claims against the PBPP.

15

(M.D. Pa.); *Malles v. Lehigh County*, 2009 WL 2258623, *7 (E.D. Pa.), 639 F.Supp.2d 566 (E.D. Pa. 2009).

As the *Malles* Court stated:

> According to the teaching of *Monell v. Department of Social Services,*
> 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Lehigh County
> "can be sued directly under § 1983 ... [when] the action that is alleged
> to be unconstitutional implements or executes a policy statement,
> ordinance, regulation, or decision officially adopted and promulgated
> by [Lehigh County's] officers" or where the constitutional deprivations
> occurred pursuant to governmental custom. *Monell,* 436 U.S. at 690, 98
> S.Ct. 2018. Because PrimeCare contracted to provide medical care to
> inmates at the Prison, the same standards apply. *See West,* 487 U.S. at 56,
> 108 S.Ct. 2250.

*Id.*

We find that Plaintiff has not properly stated a municipal liability claim under *Monell* against Defendants York County, West Manchester Township and West Manchester Township Police Department with respect to his stated constitutional claims against the police detective Defendant, Bixler, under the Fourth Amendment.

Defendants York County, West Manchester Township and West Manchester Township Police Department cannot be held liable for the conduct of persons they supervise pursuant to *respondeat superior* as Plaintiff clearly attempts to do in this case with respect to his Fourth Amendment claims. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9. Rather, "[Defendants York County, West Manchester Township and West Manchester Township Police Department are] subject to liability to the extent [they] maintain an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted). As indicated above, no such custom or policy is specifically alleged by Plaintiff with respect to Defendant

16

County, West Manchester Township and West Manchester Township Police Department.

In *Gale v. Stori*, 608 F.Supp. 2d 629, 635 (E.D. Pa. 2009), the Court stated:

> The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The ability to exercise one's Fourth Amendment right, however, is limited. It is considered a "personal right that must be invoked by an individual.... [T]he extent to which [it] protects people may depend upon where those people are." *Minnesota v. Carter,* 525 U.S. 83, 88 (1998) (internal citation omitted); *see also Katz v. United States,* 389 U.S. 347, 351 (1967) ("The Fourth Amendment protects people, not places."). The Supreme Court has limited the "capacity to claim the protection of the Fourth Amendment" to those who have a "legitimate expectation of privacy in the invaded place." *Rakas v. Illinois,* 439 U.S. 128, 143 (1978). Moreover, the expectation of privacy must be a "reasonable one." *Florida v. Riley,* 488 U.S. 445, 455 (1989) (O'Connor, J., concurring).

Plaintiff does not allege that Defendants County, West Manchester Township and West Manchester Township Police Department had policies to deprive their residents of their Fourth Amendment rights by permitting their police to illegally enter their homes and to conduct illegal searches and seizures of their residents and their property. Nor does Plaintiff allege that Defendants County, West Manchester Township and West Manchester Township Police Department had policies or customs under which their police could commence prosecutions and seize personal property of residents without probable cause.

As the *Kokinda* Court stated:

> A municipality cannot be held liable for the actions of its employees under § 1983 based upon *respondeat superior. Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, "the government as an entity is responsible under § 1983" when it "caused" the Plaintiff's injury; that is, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694, 98 S.Ct. 2018. Where, as here, Plaintiff alleges that

17

> the flawed policy is a failure to train, the municipality can be held
> liable when "'that failure amounts to "deliberate indifference . . .
> [to the constitutional rights of persons with whom the police come
> in contact.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324
> (3d Cir. 2005) (citations omitted). There must also be a causal
> nexus, in that the "'identified deficiency in [the] training program
> must be closely related to the ultimate 'constitutional'' injury."
> *Id.* at 325 (citations omitted).
>
> To survive a motion to dismiss, the plaintiff must "allege that a 'policy
> or custom' of [the defendants] was the 'moving force' behind the
> [constitutional] violation." *Grayson v. May view State Hosp.*, 293 F.3d
> 103, 107 (3d Cir. 2002) (citing *Bd. of County Comm'rs of Bryan County v.
> Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

*Kokinda*, 557 F. Supp. 2d at 590-91; *Mills v. City of Harrisburg*, 589 F. Supp. 2d 544, 555-556

(M.D. Pa. 2008).

Plaintiff does not make any allegations as described above against Defendants

County, West Manchester Township and West Manchester Township Police Department

necessary to make them subject to  municipality liability in a  § 1983 action.  Plaintiff does not

allege any causal nexus between an identifiable policy and his alleged constitutional injuries.

We find that Plaintiff has not sufficiently stated a claim under *Monell* against Defendants

County, West Manchester Township and West Manchester Township Police Department  with

respect to his Fourth Amendment claims.  Based on *Kokinda, Meyers*, and *Malles*, as well as

*Mueller v. Centre County*, 2009 WL 4912305 and *Mills v. City of Harrisburg*, 589 F. Supp. 2d at

555-556, we find Plaintiff's allegations do not sufficiently state that Defendants County, West

Manchester Township and West Manchester Township Police Department  caused any alleged

conduct of the individual police officer Defendant (Bixler) by having customs, policies, practices

and procedures, and how these policies gave rise to the constitutional violations alleged in the

Complaint.[11]  Plaintiff merely alleges that Defendants "York County and West Manchester

Township chose to charge Plaintiff with PWID with knowledge that Darien Wallace accepted

responsibility of drugs and sighned (sic) a statement on himself," and that Defendant Bixler,

along with Defendant Siebert, secured all the evidence [at] 1706 Baron Dr.", York, PA.  (Doc. 5,

p. 4).[12]  Plaintiff's Ex. D attached to his original Complaint, Doc. 5, is a copy of the Affidavit of

Probable Cause executed by Defendant Bixler on April 24, 2008, requesting a search warrant

for the condo at Baron Drive in which Plaintiff was residing with three other people.  The search

warrant was approved by a York County Assistant District Attorney and a York County

Magisterial District Judge.

Plaintiff merely alleges that the three municipal Defendants, York County, West

Manchester Township and West Manchester Township Police Department, failed to train and

supervise their employee Defendant Detective Bixler.  Plaintiff also alleges that Defendant

Pennsylvania parole agents found a substantial amount of money in Plaintiff's room, they found

and seized drugs in a room of another occupant and handed them over to Defendant Bixler

and, that Bixler prepared a search warrant.  (Doc. 5, p. 4).  Plaintiff also alleges that $9,333 was

forfeited on October 7, 2008.  (*Id.*).

---

[11]Defendant Pennsylvania parole agents Siebert, Loos, Swartz and Naylor were employees of the PBPP and not Defendants York County, West Manchester Township and West Manchester Township Police Department.  As stated above, Plaintiff also alleges that Defendant PBPP failed to train and supervise its employees.  However, as discussed below, the Eleventh Amendment bars Plaintiff's claims against Defendant PBPP.

[12]We note that "PWID" refers to possession with intent to distribute a controlled substance.

We find that Plaintiff's allegations are not sufficient to state a cognizable municipal

liability claim against Defendants York County, West Manchester Township and West

Manchester Township Police Department. *See Guarrasi v. County of Bucks*, 2011 WL 1226118,

*12-*13 (E.D. Pa. 3-29-11); *Mills v. City of Harrisburg*, 589 F. Supp. 2d at 555-556.  Also,

Plaintiff's money was forfeited by court order.  Therefore, we will recommend that Defendants

York County, West Manchester Township and West Manchester Township Police Department

be dismissed with prejudice from this action. *See Eichelman v. Lancaster County*, 510 F. Supp.

2d 377, 395-96 (E.D. Pa. 2007).[13]

Moreover, Plaintiff had a meaningful post-deprivation remedy with the state court to

retrieve his seized and forfeited money ($9,333), and he pursued such an action in York County

Court, Doc. 5, Ex A., p. 2.  Plaintiff alleges that he filed a Motion for Return of his $9,333, and

his Ex. A, p. 2, indicates that his Motion was filed on June 3, 2009, with the York County Court.

Plaintiff also avers that his Motion has never been addressed by the York County Court.  The

copy of the transcript of the hearing on May 26, 2009, before York County Court in which the

criminal case against Plaintiff was *nolle prossed*, reveals that the Court advised Plaintiff if he

wanted to file a motion for a return of his $9,333, he must file a civil motion with the York

---

[13]"As in all §1983 claims, a municipality's liability depends upon the occurrence of a
constitutional deprivation." *Gardner v. Luzerne County*, 645 F. Supp. 2d 325, 343 (M.D. Pa.
2009).  As discussed below, since we find that Plaintiff fails to state a cognizable federal claim,
we find futility in granting Plaintiff leave to file a second amended complaint as against any
Defendant. *See Wager v. York County Domestic Relations*, 2010 WL 231129 (M.D. Pa. 1-14-
10).

County Court.[14]  (Doc. 5, Ex., B).  Regardless of the fact that Plaintiff filed a Motion for Return of his $9,333 and regardless of the allegation that it was not ruled on, it was the York County Court's Order that finally deprived Plaintiff of his $9,333.  Thus, the York County Court determined if Plaintiff's money should be forfeited and if Plaintiff should receive back his $9,333, and not the Defendants.[15]

> 4.      *Plaintiff's Claims regarding the search of the condo by Defendants Bixler, Siebert, Loos, Swartz and Naylor, and the forfeiture of his $9,333 are Time Barred*

Plaintiff's claims regarding the search of the condo at 1706 Baron Drive by Defendants Bixler, Siebert, Loos, Swartz and Naylor on April 28, 2008, and the forfeiture of his $9,333 on October 7, 2008, are time barred.  Plaintiff alleges that his $9,333 was forfeited on October 7, 2008.  Plaintiff also alleges that the some of the unconstitutional conduct of Defendants arose on April 28, 2008, and his exhibits substantiate this date.

There is a 2-year statute of limitations with respect to a §1983 civil rights action filed in Pennsylvania.  The law is clear that §1983 claims in Pennsylvania are subject to a two-year statute of limitations.  *See Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Martin v. Red Lion Police Dept.*, Civil No. 00-16122, M.D. Pa. (October 26, 2004 Memorandum), pp. 5-6; *Beattie*, 2009 WL

---

[14]Since Plaintiff's Motion for Return of Property was filed as a civil motion, it does not appear on his attached York County Court Criminal Docket Sheet.

[15]As discussed below, we find that Plaintiff's request for this Court to order the return of his $9,333, which he states was forfeited by Order of the York County Court, is barred by the *Rooker-Feldman* doctrine.

533051, * 8; *Mattis v. Dohman*, 260 Fed. Appx. 458, 461, n. 3(citations omitted). Further, under Pennsylvania's discovery rule, the statute of limitations begins to run when the Plaintiff has discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury. *Doe v. Kohn, Nast & Graf, P.C.*, 866 F. Supp. 190 (E.D. Pa. 1994); *Beattie, supra*. It is abundantly clear in the present case, and readily apparent from Plaintiff's pleadings as well as his Exhibits that he discovered, or should have discovered, his Fourth Amendment claims regarding Defendants' alleged conduct on April 24, 2008, at the time they arose. Also, Plaintiff's York County Court Criminal Docket Sheet indicates that the date of Plaintiff's charged offense was April 24, 2008. Further, Plaintiff does not assert any basis to toll the statute of limitations with respect to his Fourth Amendment claims which accrued on April 24, 2008.[16]

We find that Plaintiff's Fourth Amendment claims regarding the search of the condo at 1706 Baron Drive by Defendants Bixler, Siebert, Loos, Swartz and Naylor on April 28, 2008, and the forfeiture of his $9,333 on October 7, 2008, are clearly time barred. We also find that Plaintiff's state law claims for abuse of process, IIED and loss of wages are time barred.

As mentioned, it is readily apparent from the face of Plaintiff's original and Amended Complaints, as well as his exhibits that his claims regarding the search of the condo at 1706 Baron Drive by Defendants Bixler, Siebert, Loos, Swartz and Naylor, accrued on April 28, 2008, and that the forfeiture of his $9,333 occurred on October 7, 2008. It is also apparent that Plaintiff's three state law claims accrued on April 28, 2008. Plaintiff did not file the instant

---

[16]We note that the continuing violation doctrine does not apply to Plaintiff's April 24, 2008 claims since it has no applicability to discrete acts or single occurrences. *See Beattie*, 2009 WL 533051, * 8, n. 9 (citations omitted).

22

action until April 25, 2011. We find that, in screening Plaintiff's Complaints under the PLRA,

the Court can *sua sponte* dismiss Plaintiff's stated claims since his allegations make clear that

these claims are time barred by the applicable two-year statute of limitations. *See Robinson v.*

*Varano*, Civil No. 10-2131, M.D. Pa. (January 25, 2011 Order)(in screening Plaintiff's Complaint

under the PLRA, the Court can *sua sponte* dismiss Plaintiff's action since his allegations make

clear that Plaintiff did not exhaust his administrative remedies even though exhaustion is an

affirmative defense).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10), the Third Circuit

recently stated:

> McPherson argues that the District Court's dismissal of his complaint as
> time-barred was wrong on both procedural and substantive grounds. As a
> procedural matter, McPherson contends that *sua sponte* dismissal on statute
> of limitations grounds is inconsistent with our holding in *Ray v. Kertes*, 285
> F.3d 287 (3d Cir.2002). On substantive grounds, McPherson contends,
> without substantiation, that equitable tolling may allow him to pursue this action
> long after the limitations period otherwise expired.
>
> *Ray* concerned a provision of the Prison Litigation Reform Act ("PLRA") that
> states that "[n]o action shall be brought with respect to prison conditions ... by
> a prisoner confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). While
> recognizing that the statute clearly requires plaintiffs to exhaust their administrative
> remedies, we rejected a pleading rule that would have required a complaint to allege
> facts demonstrating exhaustion. Rather, we held that "failure to exhaust is an
> affirmative defense to be pleaded by the defendant." *Ray*, 285 F.3d at 295.
>
> We also found that the court below erred in *sua sponte* dismissing a complaint that
> did not demonstrate that the plaintiff exhausted administrative remedies. *Id.* We
> relied primarily on the text of § 1997e, which provides for *sua sponte* dismissal if a
> complaint is frivolous, malicious, fails to state a claim upon which relief can be
> granted, or seeks monetary relief from a defendant who is immune from such relief.
> *Ray*, 285 F.3d at 296 (citing 42 U.S.C. § 1997e(c)(1)). We also noted that the statute
> explicitly allows a court to dismiss a complaint without first requiring the exhaustion

23

of administrative remedies." *Id.* (citing 42 U.S.C. § 1997e(c)(2)). We concluded, under the principle of *expressio unius est exclusio alterius,* that the omission of "failure to exhaust" from the grounds for sua *sponte* dismissal indicated Congressional intent not to include failure to exhaust as a reason justifying dismissal. *Id.*

McPherson argues that *Ray* stands for the general proposition that a court may not *sua sponte* dismiss a complaint on the basis of *any* affirmative defense, including the statute of limitations. To be sure, a limitations defense is an affirmative defense. *See Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir.2002). *Ray,* however, does not go as far as McPherson claims. This Court has long recognized that the statute of limitations can serve as the basis for dismissal under Fed.R.Civ.P. 12(b)(6), as long as "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Const. Corp.,* 570 F.2d 1168, 1174 (3d Cir.1978) (internal quotation marks omitted). **This principle is consistent with our observation in** *Ray* **that, "[a]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint."** *Ray,* **285 F.3d at 297. Ray's failure to exhaust was not apparent from the face of his complaint, so** *sua sponte* **dismissal was not appropriate.**

The fact that a claim has not been brought within the statue of limitations, however, may be apparent from the face of a complaint. The United States Supreme Court, while agreeing that failure to exhaust under the PLRA is an affirmative defense and that plaintiffs need not demonstrate exhaustion in their complaints to survive dismissal, nonetheless recognized that a court may dismiss a complaint for failing to state a claim when its allegations show that the complaint is not timely. The Court noted that "[i]f the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to make a claim; that does not make the statute of limitations any less an affirmative defense." *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The factual allegations in the complaint, not the label of "affirmative defense," control the court's decision whether to dismiss the suit. "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." *Id.*

Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action

24

is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

(Emphasis added).

Thus, based on *McPherson and Robinson*, even though the statute of limitations  is an affirmative defense pursuant to *Ray, sua sponte* dismissal of Plaintiff Barnett's Fourth Amendment claims regarding  the search of the condo at 1706 Baron Drive by Defendants Bixler, Siebert, Loos, Swartz and Naylor on April 24, 2008, and the forfeiture of his $9,333 on October 7, 2008, as well as dismissal of Plaintiff's three state law claims is nonetheless proper since his failure to timely file his stated claims is abundantly clear from the face of his Complaints and his exhibits.  We find that Plaintiff's state law claims accrued on April 24, 2008, as well.  Therefore, we will recommend that Plaintiff Barnett's claims  regarding the search of the condo at 1706 Baron Drive by Defendants Bixler, Siebert, Loos, Swartz and Naylor on April 28, 2008, and the forfeiture of his $9,333 on October 7, 2008, and Plaintiff's three state law claims, *i.e.* IIED, loss of wages and Pennsylvania abuse of process claim, be dismissed as time barred.[17]

With respect to Plaintiff's §1983 malicious prosecution and malicious abuse of process claims, Plaintiff states that on May 26, 2009, the criminal charges filed against him were

---

[17]In Pennsylvania, there is a two-year statute of limitations with respect to an IIED claim and an abuse of process claim.  *See Watson v. City of Phila.*, 2006 WL 2818452 (E.D. Pa. 9-28-06); *Langman v. Keystone Nat'l Bank & Trust Co.*, 672 F.Supp.2d 691 (E.D. Pa. 2009).

*nolle prossed* "because the alleged drugs disappeared." (Doc. 5, p. 4). Plaintiff attached to his original Complaint a copy of a portion of the York County Court transcript in which the Commonwealth moved to *nolle pros* the criminal case against Plaintiff due to "evidence issues." The York County Court granted the Commonwealth's motion to *nolle pros* the criminal case against Plaintiff on May 26, 2009. (Doc. 5, Ex. B & York County Court Criminal Docket Sheet). Thus, Plaintiff's §1983 malicious prosecution and malicious abuse of process claims may have accrued on May 26, 2009, when the criminal case against Plaintiff ended without a conviction, and they do not appear to be time barred. Regardless, as discussed below, we do not find that Plaintiff has stated a viable § 1983 claim against any Defendant.

> 5.    *Plaintiff's Claim for Relief for the Return his $9,333 is Barred by Rooker-Feldman Doctrine*

As stated, Defendant Bixler executed, on April 24, 2008, an Affidavit of Probable Cause to search the condo at 1706 Baron Drive, York, Pennsylvania, in which Plaintiff resided with others and a search warrant was approved by a York County Magisterial District Judge. Also, as stated, Plaintiff avers that his $9333 was forfeited by Order of York County Court on October 7, 2008. It is clear that the deprivation of Plaintiff's money was caused by the state court's decision and not by the alleged conduct of Defendants. *See Guarrasi, supra*. Plaintiff requests, in part, as relief in this case for this Court to return his $9,333 to him "which was illegally seized" plus interest. (Doc. 5, p. 6). As such, Plaintiff is essentially seeking this Court to overturn the decision of the York County Court with respect to its forfeiture Order of Plaintiff's money.

26

We find that this Court lacks subject matter jurisdiction over Plaintiff's claims for the return of his $9,333 under the *Rooker-Feldman* doctrine. *See Wager v. York County Domestic Relations*, 2010 WL 231129 (M.D. Pa. 1-14-10). In *McKnight v. Baker*, 244 Fed. Appx. 442 (3d Cir. 2007), the Third Circuit considered an appeal filed by Mr. McKnight arising from a custody dispute with the mother (Ms. Middleton) of their daughter. The Philadelphia County Family Court issued a custody and visitation order granting the mother primary custody over Plaintiff's and Ms. Middleton's daughter. The Family Court also suspended Plaintiff's visitation rights for failing to abide by an order. The District Court dismissed most of Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. *See McKnight v. Baker*, 343 F. Supp. 2d 422 (E.D. Pa. 2004), affirmed, 244 Fed.Appx. 442 (3d Cir. 2007).

In *McKnight*, 244 Fed. Appx. at 444-45, the Third Circuit stated:

> With reference to the *Rooker-Feldman* doctrine, district courts do not have jurisdiction over cases brought by a "state-court loser [ ] complaining of injuries caused by [a] state-court judgment[ ] rendered before the district court proceedings commenced and inviting district court review and rejection of [that] judgment[ ]." *Exxon Mobil Corp.*, 544 U.S. at 284, 125 S.Ct. 1517. Despite McKnight's argument to the contrary, it is abundantly clear that the crux of his complaint is that Middleton and others conspired to have the Family Court suspend his visitation rights and have subsequently acted in accordance with that Family Court order. It is hard to imagine a case which more directly asks a district court to review the actions of a state court. In order for McKnight to prevail, the District Court would need to conclude that the Family Court erred in its suspension of McKnight's visitation rights, or that the various defendants have violated his constitutional rights in adhering to the dictates of that order. The District Court does not have jurisdiction to so conclude. *See, e.g., Marran v. Marran*, 376 F.3d 143, 151-53 (3d Cir.2004); *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 727-29 (7th Cir.1993) ("[C]arrying out a judicial decision does not independently violate the Constitution.").

27

We find that Plaintiff Barnett is clearly seeking this District Court to review and overturn the decisions of the York County Court regarding the search warrant approved to search the condo in which he was residing and the forfeiture of his $9,333. Plaintiff also seems to seek this Court to find that Defendants violated his rights with respect to the stated decisions of the York County Court. We find that, based on *McKnight* and *Wager*, it is abundantly clear that this Court does not have jurisdiction over Plaintiff Barnett's action to the extent he seeks the return of his $9,333, and with respect to the search warrant issued. *See also Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994)("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgement itself violates the loser's federal rights."); *McFall v. Register of Wills for Bucks County, PA*, 352 F. Supp. 2d 544, 547 (E.D. Pa. 2004).

In *Gaynor v. Nelowet*, 2000 WL 427274, *1 (E.D. Pa. 4-19-00), the Court stated:

> The *Rooker-Feldman* doctrine, [FN13] under which federal district courts are not permitted to exercise judicial review over state court proceedings. "District courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction not appellate jurisdiction on the district courts." *Guarino v. Larsen*, 11 F.3d 1151, 1156-57 (3d Cir.1993); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 24, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring) ("It is a well-settled principle that federal appellate review of judgments rendered by state courts can only occur in this Court, on appeal or by writ of certiorari."). A federal proceeding is barred under the *Rooker-Feldman* doctrine "when entertaining the federal court claim would be the equivalent of an appellate review of [the state court] order." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir.1996). *Rooker-Feldman* applies to final state court judgments, *Port Authority Police Benevolent Ass'n v. Port Authority*, 973 F.2d 169, 177 (3d Cir.1992), including those of

> lower state courts. *Id.* ("[F]ederal district courts are certainly ... precluded
> from reviewing decisions of lower state courts, which are subject to
> correction and modification within the state court system.").

In the present case, we find that portions of Plaintiff Barnett's constitutional claims are "inextricably intertwined" with issues adjudicated by a state court since this Court would have to determine that the York County Court's decisions and orders regarding the search of the Baron Drive  condo and the forfeiture of Plaintiff's $9,333 were erroneously entered in order to grant Plaintiff relief with respect to some his instant claims.  The Plaintiff's York County Criminal Docket Sheet shows that the County Court denied Plaintiff's Suppression Motion on November 17, 2008.  We find that Plaintiff's constitutional claims challenging the search of the Baron Drive condo and the forfeiture of Plaintiff's $9,333 are not independent of the merits of the York County Court's decisions and orders.  Thus, we find that a decision with respect to Plaintiff's present federal claims regarding the search of the Baron Drive  condo and the forfeiture of Plaintiff's $9,333 by this Court requires a determination that the York County Court's decisions and orders were erroneous, and that a decision by this Court would render the York County Court's decisions and orders as ineffectual.  Indeed, any relief to which Plaintiff Barnett may be entitled in this case with respect to his  claims regarding the search of the Baron Drive condo and the forfeiture of Plaintiff's $9,333 would clearly be based on findings that the York County Court's decisions and orders entered in Plaintiff's case were issued in violation of his constitutional rights. *See Gaynor, supra.*

Therefore, we find that the relief Plaintiff Barnett requests in the present case for the return of his $9,333 could only be granted if his rights were violated by the stated York County

Court's decisions and orders.  Thus, we will recommend that all of Plaintiff's constitutional claims raised in his Complaint seeking the return of his $9,333 and complaining about the search of the Baron Drive condo be dismissed based on the *Rooker-Feldman* doctrine since the Court lacks subject matter jurisdiction to review these claims which are inextricably intertwined with the York County Court's decisions and orders.  *See McKnight, supra; Roush v. Horner*, 2008 WL 189556, *5-*7 (W.D. Pa. 1-18-08).

Additionally, as stated, Plaintiff had a remedy with respect to his challenge to the York County Court's final Order regarding the forfeiture of the $9,333, and Plaintiff pursued his remedy with the state court.  Even though Plaintiff avers that the York County Court did not rule on his June 3, 2009 Motion for Return of his $9,333 (Doc. 5, Ex. A, p. 2), Plaintiff had other state court remedies available, such as filing a Mandamus Petition.  Plaintiff could have also filed an appeal with the Pennsylvania appellate courts regarding the York County Court's forfeiture Order.

6. *Plaintiff's Claims against Defendant PBPP are barred by Eleventh Amendment*

As a Defendant, Plaintiff names the PBPP, an agency of the Commonwealth of Pennsylvania.  Plaintiff alleges that Defendant PBPP failed to train and supervise its employees, namely, PA Parole Agents Siebert, Loos, Naylor and Swartz.  The PBPP is not proper a Defendant in this action.  The PBPP is not a "person" within the meaning of §1983.  See *Gagliardi v. Fisher*, 513 F.Supp. 2d 457, 473 (W.D. Pa. 2007) citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  The Eleventh Amendment bars Plaintiff's claims against Defendant PBPP.  Defendant PBPP is protected by sovereign immunity under the Eleventh

Amendment with respect to Plaintiff's claims. *See Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *2 (E. D. Pa.); *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d Cir. 2001). Also, because the PBPP is an agency of the Commonwealth of Pennsylvania, this Court's jurisdiction over this Defendant is barred based on the Eleventh Amendment.

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), this Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). [**41] Furthermore, Pennsylvania has unequivocally withheld its consent to such suits. See 42 PA. CONS. STAT. § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

*See also Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3.

Therefore, we will recommend that Defendant PBPP be dismissed with prejudice. *See Beattie v. DOC SCI-Mahanoy*, 2009 WL 533051, *6 (M.D. Pa.)("state agencies are not subject to liability under §1983 actions brought in federal court."); *Keys v. Com. of PA*, 2011 WL 766978, *8 (M.D. Pa. 1-19-11).

7.   *Plaintiff's §1983 Malicious Prosecution, §1983 Malicious Abuse of Process and PA Abuse of Process and Pennsylvania IIED Claims against Defendant PA Parole Agents Siebert, Loos, Swartz and Naylor*

Initially, as stated, Plaintiff's §1983 malicious prosecution and § 1983 malicious abuse of process claims against Defendants Bixler, Siebert, Loos, Swartz and Naylor may be timely since Plaintiff alleges that the criminal case against him was *nolle prossed* on May 26, 2009. Thus, Plaintiff's §1983 malicious prosecution claim and his §1983 malicious abuse of process claim may be construed as arising on May 26, 2009.

Also, as stated, we do not find that Plaintiff's abuse of process claim is brought under §1983 as Plaintiff alleges it is. (Doc. 8, p. 1).  Nor are Plaintiff's IIED claim and claim for loss of wages brought under §1983 as he states.  Rather, these three claims are Pennsylvania state law claims.  Only Plaintiff's malicious prosecution claim and malicious abuse of process are under §1983.  *See  Napier v. City of New Castle*, 407 Fed.Appx. 578, 582 (3d Cir. 2010).

Plaintiff avers that he is raising his §1983 malicious prosecution claim and §1983 malicious abuse of process claim under the Fourth and Fourteenth Amendments.  (Doc. 5, p. 4). Plaintiff does not specify if he is bringing his §1983 claims under the substantive or procedural due process clause of the Fourteenth Amendment.  To the extent Plaintiff is deemed as raising his §1983 claims under the substantive due process clause of the Fourteenth Amendment, we will recommend that they be dismissed since "it does appear that malicious prosecution claims cannot be brought under the substantive due process provision of the Fourteenth Amendment." *Perkins v. Staskiewicz*, 2009 WL 693176, *2 (M.D. Pa. 3-13-09)(citation omitted).  Further, we

32

do not find that Plaintiff has alleged any facts upon which the Court could find his §1983 claims

are raised under the procedural due process clause of the Fourteenth Amendment. *Id.*

Thus, we will recommend that Plaintiff's §1983 malicious prosecution claims and his

§ 1983 malicious abuse of process claims under the Fourteenth Amendment be dismissed as

against all Defendants.

In *Burke v. Twp. of Cheltenham*, 2010 WL 3928524, *10 (E.D. Pa. 10-5-2010), the

Court stated the elements of a §1983 malicious prosecution claim:

> "[t]o prove malicious prosecution under section 1983 when the claim is under
> the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated
> a criminal proceeding; (2) the criminal proceeding ended in his favor;
> (3) the defendant initiated the proceeding without probable cause; (4) the
> defendant acted maliciously or for a purpose other than bringing the
> plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty
> consistent with the concept of seizure as a consequence of a legal
> proceeding." *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir.2007).

*See also Perkins v. Staskiewicz*, 2009 WL 693176, *3(citation omitted); *Gagliardi v. Fisher*, 513

F.Supp. 2d 480-81(citations omitted).

Based on Plaintiff's pleadings and exhibits as well as his York County Criminal Docket

Sheet, it is apparent that on April 24, 2008, a criminal drug charge was were filed against

Plaintiff only by Defendant Bixler and that Plaintiff's money was confiscated, and that the charge

filed against Plaintiff by Defendant Bixler was bound over to York County Court of Common

Pleas by a Magisterial District Judge on July 17, 2008. (Doc. 5, Exs. A and B). The criminal case

against Plaintiff was docketed to Number 4373 of 2008 in the York County Court of Common Pleas.[18]

It is also apparent that on May 26, 2009, the criminal charge Defendant Bixler filed against Plaintiff was *nolle prossed* by the Commonwealth *via* the York County District Attorney's since there was a problem with the evidence, *i.e.* Plaintiff alleges that the drugs disappeared. Thus, the drug charge Defendant Bixler filed against Plaintiff did not ever proceed to trial before the York County Court.

In *Napier v. City of New Castle*, 407 Fed.Appx. at 582, the Court stated:

> An abuse of process occurs when a party employs legal process against another primarily to accomplish a purpose for which it was not designed. *Gen. Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 307 (3d Cir.2003). "In contrast to a section 1983 claim for malicious prosecution, a section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.' " *Rose v. Bartle,* 871 F.2d 331, 350 n. 17 (3d Cir.1989) (quoting *Jennings v. Shuman,* 567 F.2d 1213, 1217 (3d Cir.1977)). Pennsylvania recognizes a cause of action for abuse of process where "the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Rosen v. Am. Bank of Rolla,* 426 Pa.Super. 376, 627 A.2d 190, 192 (1993). " '[T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant.' " *Id.* (quoting Restatement (Second) of Torts § 682 cmt. b (1977)).

---

[18]We have obtained a copy of Plaintiff's York County Court of Common Pleas Criminal Docket Sheet from http://ujsportal.pacourts.us.  We take judicial notice of the York County Court of Common Pleas Criminal Docket Sheet for Case Number 4373 of 2008, and have attached a copy of it to this R&R.

Initially, we find that Plaintiff has failed to sufficiently allege the personal involvement of Defendant Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor with respect to his §1983 malicious prosecution, §1983 malicious abuse of process and Pennsylvania abuse of process claims. These four Defendants are not sufficiently alleged to have charged Plaintiff with any crimes or used a legal process against Plaintiff, and Plaintiff's exhibits show that only Defendant Bixler charged him with the drug related crime. Plaintiff merely alleges that on April 24, 2008, Defendant Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor along with Defendant Bixler used a parole spot check "for a criminal subterfuge for a criminal investigation." Plaintiff alleges that after they entered the 1706 Baron Drive residence, Defendants Siebert, Loos and Naylor along with Defendant Bixler secured all of the occupants in violation of his Fourth Amendment rights and that "Defendants used a legal process against Plaintiff primarily to accomplish a purpose for which the process was not designed." (Doc. 8, p. 2). Plaintiff also alleges that Defendant Loos and Naylor went upstairs into his room and found the safe under his bed. Plaintiff avers that Defendants Loos and Naylor then went into the two other bedrooms not occupied by him, and that Defendant Loos handed alleged drugs to Defendant Bixler. (Doc. 5, p. 4 and Doc. 8, p. 3). Plaintiff states that the money and drugs were given to Defendant Bixler, and that Bixler then prepared a search warrant, which was approved by the York County District Attorney's Office and a Magisterial District Judge. (*Id.* and Doc. 5, Exs. A and D). Plaintiff's allegations show that the parole check Defendants Siebert, Naylor, Swartz and Loos utilized on April 24, 2008, was used for the purpose it was intended, despite his contention that they had an ulterior purpose, *i.e.*, a criminal investigation.

As discussed above, we find that Plaintiff's Pennsylvania abuse of process claims against all five individual Defendants accrued on April 24, 2008, and that they are time barred. As noted, there is a two-year statute of limitations for a Pennsylvania abuse of process claim. *See Langman, supra.*

Thus, Plaintiff does not allege, and his exhibits do not show, that Defendant Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor commenced a criminal proceeding against him. We do not find that Plaintiff has stated a cognizable § 1983 claim against these four Defendants. Rather, Plaintiff's allegations and his exhibits only show that Defendant Bixler initiated the criminal proceeding against him. Further, we do not find that Plaintiff alleges that his liberty was deprived as a result of the conduct of Defendant Pennsylvania Parole Agents. Plaintiff's exhibits only show that Defendant Bixler arrested him. (Doc. 5, Ex. A). *See Perkins v. Staskiewicz*, 2009 WL 693176, *3("an arrest does constitute a seizure within the meaning of the Fourth Amendment")(citation omitted).

As stated above, liability in a § 1983 case may only be based on the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton, supra; Newton v. Reitz*, 2009 WL 233911. The law is well settled with respect to the personal involvement requirement of a Defendant named in a § 1983 action. *See Brown v. Reitz*, Civil No. 04-484. *See also Mueller v. Centre County*, 2009 WL 4912305 (M.D. Pa.). As stated, there are no allegations that Defendants Defendant Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor illegally seized and arrested Plaintiff in violation of the Fourth Amendment and no allegations that these Defendants ever initiated a criminal proceeding against him. Defendants

36

Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor are not alleged to have had any direct involvement in Plaintiff's arrest and seizure.  Plaintiff cannot hold Defendants Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor liable on the basis of *respondeat superior* as he tries to do in this case. *Id*.  Therefore, we shall recommend that Plaintiff's §1983 malicious claims and §1983 malicious abuse of process claims against Defendants Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor be dismissed for lack of personal involvement, especially in light of *Iqbal*. *See Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Santiago v Warminister Tp.*, 2010 WL 5071779, *5 (3d Cir. 12-14-10); *Napier v. City of New Castle*, 407 Fed.Appx. at 582.

Additionally, we do not find that Plaintiff has stated a Pennsylvania law abuse of process claim against Defendant Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor. Plaintiff alleges that Defendant Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor "conspired to use a parole spot check as a subterfuge for 2 police investigation[s]." (Doc. 8, p. 2).  Plaintiff fails to state an abuse of process claim under Pennsylvania law against Defendants Siebert, Loos, Swartz and Naylor since they are not properly alleged to have instituted a legal process against Plaintiff.  Rather, Plaintiff's Complaints and his exhibits indicate that only Defendant Bixler instituted a legal process against Plaintiff. *See Mills*, 598 F.Supp 2d at 558, n. 15, citing *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. 2008).  Also, as stated, "there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the Defendant." *Napier v. City of New Castle*, 407 Fed.Appx. at 582(citations omitted).

37

Moreover, Plaintiff's state law abuse of process claims against Defendant Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor are barred by the doctrine of sovereign immunity. *Perkins v. Staskiewicz*, 2009 WL 693176, *3. In *Perkins v. Staskiewicz*, 2009 WL 693176, *3, the Court stated:

> The Pennsylvania General Assembly has expressly stated that it does not intend to waive the sovereign immunity of the Commonwealth and its agencies and employees, in cases other than the nine specifically enumerated situations, none of which apply here. 1 Pa. Con. Stat. Ann. § 2310. This is a broad statute that encompasses Commonwealth employees in both their official and individual capacities, as long as they are "acting within the scope of their duties." *Id.* This Court has recently held that "[c]onduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer." *Larsen v. State Employees' Retirement System*, 553 F.Supp.2d 403, 420 (M.D.Pa.2008); *Fitzgerald v. McCutcheon*, 270 Pa.Super. 102, 410 A.2d 1270, 1272 (Pa.Super.Ct.1979).

Based on Plaintiff's Complaints, it is clear that Defendant Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor were acting within the scope of their employment with the PBPP on April 24, 2008, and thus sovereign immunity applies. *Id.*, *4.[19]

Therefore we will recommend that Defendant Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor be dismissed entirely from this action.

---

[19]Even if Plaintiff can proceed with respect to his state law claims against Defendants Pennsylvania Parole Agents Siebert, Loos, Swartz and Naylor, we will recommend that the Court decline to exercise supplemental jurisdiction over all of Plaintiff's state law claims, including his IIED claim, since we find that he has failed to state a viable federal claim against these Defendants. *See Gagliardi v. Fisher*, 513F.Supp. 2d 492-93.

38

8.    *Plaintiff's §1983 Malicious Prosecution, §1983 Malicious Abuse of Process  and Pennsylvania Abuse of Process Claims against Defendant Detective Bixler*

As to Plaintiff's §1983 malicious prosecution claim and his §1983 malicious abuse of process claim under the Fourth Amendment and his Pennsylvania abuse of process claim, we find that Plaintiff has only sufficiently stated the personal involvement of Defendant Bixler. Further, we find that Plaintiff has not stated a Pennsylvania abuse of process claim against Defendant Bixler.   "[T]he initial filing of criminal charges and [his] arrest [by Defendant Bixler], if improper, would constitute malicious prosecution, not abuse of process." *Napier v. City of New Castle*, 407 Fed.Appx. at 582(citation omitted).  Also, since Plaintiff Barnett's complained of injuries occurred in connection with the filing of the criminal drug charge and his arrest on April 24, 2008, by Defendant Bixler, Plaintiff fails to state a §1983 malicious abuse of process claim and a Pennsylvania abuse of process claim against Bixler. *Id.*  In  *Napier v. City of New Castle*, 407 Fed.Appx. at 582, the Third Circuit quoted the District Court and stated that "there is no liability where the Defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Napier v. City of New Castle*, 2007 WL 1965296, *6 (W.D. Pa. 7-3-07)(citation omitted).  Thus, we find that Plaintiff's §1983 malicious abuse of process claim and a Pennsylvania abuse of process claim against Bixler should be dismissed.

Plaintiff also asserted a §1983 malicious prosecution claim against Defendant Bixler. As stated, it is only alleged by Plaintiff, and Plaintiff's exhibits only show, that Defendant Bixler arrested and charged him with the drug offense on April 24, 2008.  The lack of probable cause is a required element of Plaintiff's Fourth Amendment malicious prosecution claim. *See McNeill*

*v. City of Easton*, 694 F. Supp. 2d 375, 390 (E.D. Pa. 2010); *Perkins v. Staskiewicz*, 2009 WL

693176, *3; *Gagliardi v. Fisher*, 513 F.Supp. 2d 480-81(citations omitted).  Thus, if Defendant

Bixler had probable cause to arrest Plaintiff on April 24, 2008, Plaintiff's §1983 malicious

prosecution claim must fail, that is, Plaintiff's arrest by Defendant Bixler will be deemed

reasonable under the Fourth Amendment if there was probable cause on April 24, 2008, to

believe that Plaintiff was committing a criminal offense. *Id*.  Plaintiff does not allege in his

Complaints that Defendant Bixler filed the criminal drug charge against him knowing that

probable cause did not exist for his arrest on April 24, 2008.  Plaintiff does not allege that

Defendant Bixler knowingly or purposefully arrested him on April 24, 2008, without probable

cause.  Plaintiff only alleges that Defendants "York County and West Manchester Township

chose to charge Plaintiff with PWID with the knowledge that Darien Wallace accepted

responsibility of drugs, and sighned (sic) a statement on himself." (Doc. 5, p. 4).  Plaintiff also

alleges that Wallace, who resided in the Baron Drive condo with him, "told Defendants that the

alleged drugs were his, that he was sleeping in that room, and he signed a statement on

himself." (Doc. 8, p. 3).  Further, even though Plaintiff contends that Wallace accepted

responsibility of the drugs, the York County Court denied Plaintiff's Suppression Motion on

November 17, 2008 and ordered that Plaintiff's money be forfeited.

      We find that Plaintiff's own exhibits show that Defendant Bixler had probable cause

to file a criminal charge against Plaintiff and to arrest Plaintiff on April 24, 2008.  (Doc. 5, Exs. A,

C and D).  Plaintiff's York County Criminal Docket Sheet indicates that one count of

manufacturing/delivery/possession/with intent to manufacture or deliver a controlled substance

was filed against Plaintiff on April 24, 2008, pursuant to 35 P.S. §780-113(a)(30), and that the charge was bound over to York County Court on July 17, 2008, by a Magisterial District Judge. An Information was then filed against Plaintiff charging him with the state drug offense on August 6, 2008.  In *Evanson v. Attorney General of U.S.*, 550 F.3d 284, 286 (3d Cir. 2008), the Court stated:

> 35 Pa. Stat. Ann. § 780-113 states:
>
> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> ....
>
> > (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

Probable cause to support an arrest does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972).  Thus, simply because the drug charge Defendant Bixler filed against Plaintiff was *nolle prossed* when Plaintiff's case was before the York County Court, does not necessarily show that Defendant Bixler lacked probable cause to arrest Plaintiff and that Defendant Bixler lacked probable cause to issue the Criminal Complaint against Plaintiff.

In *Reedy v. Evanson*, 615 F. 3d 197, 211 (3d Cir. 2010), the Third Circuit stated that "[i]t is well-established that the Fourth Amendment 'prohibits a police officer from arresting a citizen except upon probable cause.'" (citations omitted).  The *Reedy* Court also stated:

Probable cause "requires more than mere suspicion [.]" *Orsatti,* 71 F.3d
at 482. However, it does not "require the same type of specific evidence
of each element of the offense as would be needed to support a conviction."
*Adams v. Williams,* 407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).
Rather, "probable cause to arrest exists when the facts and circumstances within
the arresting officer's knowledge are sufficient in themselves to warrant a
reasonable person to believe that an offense has been or is being committed
by the person to be arrested." *Orsatti,* 71 F.3d at 483; *see also Wilson v. Russo,*
212 F.3d 781, 789 (3d Cir.2000) ("Probable cause exists if there is a 'fair
probability' that the person committed the crime at issue." (citation
omitted).). "Probable cause need only exist as to [one of the] offense[s] that
could be charged under the circumstances." *Barna v. City of Perth Amboy,*
42 F.3d 809, 819 (3d Cir.1994). In analyzing whether probable cause existed
for an arrest, we must take a "totality-of-the-circumstances approach."
*Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Plaintiff's own exhibits show that Defendant Bixler had probable cause to arrest

Plaintiff on a drug charge under 35 P.S. §780-113(a)(30), on April 24, 2008. In his Incident

Investigation Report, Defendant Bixler wrote as follows:

> After serving the search warrant at 0910 hrs, WALLACE was spoken to
> outside. He stated that he wanted to take claim for the drugs that were in
> the room. He was asked what room they were in and he replied "the room
> with the dresser." He was then asked what the cocaine was in and he replied
> "plastic." He was pressed further and he stated that it was broken up for sale
> and that he had packaged it at a female friend['js house in the city but he did
> not know her name or where she lived. He stated that he did not know anything
> about the money in the safe, however, he was later found to have the second key
> to the safe in his pocket.

> During the interview of BARNETT he stated that his nephew had come
> to his house about a month ago. He stated about two days ago he noticed
> that his nephew had a lot of money and it was at that time that he realized he
> was selling drugs. He told him at that time that he would have to leave and he
> was planning on getting him a bus ticket back to Pittsburgh on 4-25-2008 when
> he got paid. When asked why he did not just take some of the money out
> of the safe he stated "that it is not my money that is my ladies." He was asked
> why he had the key in his wallet and stated his lady gave it to him to hold so she
> would not use any of the money. He then stated that they had receipts for all
> of the money because they sell sun glasses and sandels (sic) every week. He

was asked why he did not notify his parole officer when he realized that his nephew was selling drugs and they were in his house and he replied "I can't rat out my family."

Upon speaking to Terri Valentine who also lived at the house she stated that the money that was in the safe was all her's. (sic). She advised that about two weeks prior she knew there was about $5,000.00 in the safe. She stated that she has a business going on called URBAN ICE where she buys flip flops and sun glasses and sells them. She stated that all of her receipts are right in the black box on the top shelf of the closet. Upon getting down the box and opening it she was asked if this was all of the receipts and she stated it was. There was a total of three invoices from Seagull International Inc. and the invoices were as follows:

> 3-27-2008 for a total of $171.98
> 4-3-2008 for a total of $238.26
> 4-8-2008 for a total of $368.60

In addition there was a money order receipt to Solarx Eyewear for $155.44 dated 4-17-2008 and three packing slips one dated 4-14-2008 and two dated 4-16-2008 with no amounts listed on them.

Based on the above information charges were filed and the money and cocaine were confiscated.

(Doc. 5, Ex. A).

In his Affidavit of Probable Cause for the Search Warrant, Defendant Bixler averred

as follows:

This Affiant who has been a police officer for the past 28 years, and has been a detective for the past 8 years and currently assigned to the York County Drug Task Force does hereby request a search warrant for 1706 Baron Drive a two story two bedroom condo first floor brick second floor cream colored siding with 1706 on the front door. In addition a white 2006 Chevy van parked in the space marked 1706. The occupants of the condo are Terri Valentine, Jomo Barnett and Darien Wallace as well as an unnamed juvenile.

On 4-23-2008, State Parole Agent Siebert contacted this Affiant in regards to Jomo Barnett who is on state parole for a drug violation. He had information that led him to believe that BARNETT was not living up to his parole standards and he was going to do a spot check on the subject on

43

4-24-2008 shortly after 0600 hrs.  He stated that BARNETT had several prior convictions for violations of the Drug Act as well as several firearms violations.  At 0614 hrs entry was made to the residence and after securing all persons present, the search commenced.  During the search a safe was found under the bed and BARNETT was asked about it.  Both he and Valentine stated that it contained money from the sale of sun glasses and that they keys were in BARNETTS wallet in his sweat pants on the side of the bed where the safe was.  Upon opening the safe large stacks of 100, 50, and 20 dollar bills were observed, one stack was counted and found to have over $3,000.00 in it.

Upon searching further in the front bedroom, Agent Kirk Loos found a large white plastic bag and within that bag was a large amount of suspected cocaine packaged for sale.  At that same time agents were checking a white Chevy van parked in space 1706 which Terri Valentine had unlocked with a remote in order to obtain some items for work.  As the van was searched a white powder of unknown origin was found and the search was stopped.  Upon doing a records check on Darien Wallace who claimed to be the cousin of Barnett he was found to have an active warrant out of Pittsburgh for the sale of cocaine as well as a firearms violation.

Based [on] the above information, this Affiant contacted ADA Comery who advised to get a search warrant.  Based on the above information, this Affiant does hereby request a search warrant for the above residence as well as the vehicle for drugs, guns, cash, scales, records etc.

(Doc. 5, Ex. D).

In *Basile v. Twp. of Smith*, 2010 WL 4687787, *5, the Court stated:

In determining whether probable cause existed for an arrest, the court applies an objective standard based on " 'the facts available to the officers at the moment of arrest.' " *Barna*, 42 F.3d at 819 (quoting *Beck v. Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Edwards v. City of Philadelphia*, 860 F.2d 568, 571 n. 2 (3d Cir.1988)). Moreover, "[e]vidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred within the bounds of the law." *Id.* (citing *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959)). Finally, "[p]robable cause need only exist as to any offense that could be charged under the circumstances." *Id.* (citing *Edwards*, 860 F.2d at 575-76); *Johnson v. Knorr*, 477 F.3d 75, 84-85 (3d Cir.2007) (citing *Barna* and *Edwards, supra*; also citing *Wright v. City of Philadelphia*, 409 F.3d 595, 602-04 (3d Cir.2005)).

44

We find that Plaintiff's allegations and his exhibits show that Defendant Bixler had probable cause to arrest Plaintiff on April 24, 2008, on the criminal drug offense under 35 P.S. §780-113(a)(30).

We find that Plaintiff's allegations and his exhibits show that the objective facts available to Defendant Bixler at the time of his April 24, 2008 arrest of Plaintiff justified a reasonable belief that a criminal offense was being committed by Plaintiff.  Further, we find that Plaintiff's allegations and his exhibits show that Defendant Bixler's personal observations would reasonably support a finding that he had probable cause to arrest Plaintiff.  Moreover, as discussed, a Magisterial District Judge found that Defendant Bixler had established a *prima facie* case against Plaintiff and on July 17, 2008, bound over the drug charge against Plaintiff to the York County Court for trial.

Since the charge against Plaintiff was bound over for court and trial, after a Pennsylvania Magisterial District Justice found a *prima facie* case existed against Plaintiff, despite the subsequent dismissal of the charge, there was some initial independent judicial finding that probable cause existed with respect to Defendant Bixler's arrest of Plaintiff on the drug charge and with respect to the Criminal Complaint Bixler filed against Plaintiff.  "The purpose of a preliminary hearing [in Pennsylvania] is to avoid the incarceration or trial of a Defendant unless there is sufficient evidence to establish a crime was committed and the probability the Defendant could be connected with the crime."  *Com. v. Tyler*, 587 A.2d 326 (Pa. Super. 1991).

45

The independent judicial determination, of which we take judicial notice, found that there was a sufficient showing by Defendant Bixler of a *prima facie* case against Plaintiff with respect to the drug charge, and that there was a factual and legal basis for Plaintiff's arrest as a result of the April 24, 2008 incident since the charge was bound over to court for trial.

A *prima facie* case is when the evidence read in a light most favorable to the Commonwealth, "sufficiently established both the commission of a crime and that the accused is probably the perpetrator of that crime." *Com. v. Hendricks*, –A. 2d —, 2007 WL 1732578 (Pa. Super. 2007). As discussed, we find that Plaintiff's allegations and his exhibits show that Defendant Bixler had sufficient probable cause that Plaintiff committed the charged offense, and the Magisterial District Justice found that there was sufficient evidence to allow the charge to go to the jury.

As the Court stated in *Kokinda*, 557 F. Supp. 2d at 593, based on *Virginia v. Moore*, ___U.S.___, 128 S. Ct. 1598, 1607-08 (2008), "[w]hen officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest."

We find that Plaintiff's exhibits show that Defendant Bixler had facts and circumstances within his knowledge on April 24, 2008, to warrant a reasonable person to believe that Plaintiff committed the stated offense. We find that it is not important with respect to Plaintiff's Fourth Amendment malicious prosecution claim that the charge was later *nolle prossed* on May 26, 2009, since the drug evidence disappeared. As the *Irick* Court stated, in quoting the Third Circuit Court of Appeals, "the probable cause standard does not turn on the

actual guilt or innocence of the arrestee, but rather, whether the arresting officer reasonably believed that the arrestee had committed the crime." 2008 WL 2120171, *8 (citations omitted). Therefore, we find that the exhibits show that Defendant Bixler had probable cause to arrest Plaintiff and that Defendant Bixler had a reasonable belief that Plaintiff committed the charged crime on April 24, 2008. We also find that there are no allegations and no exhibits which show that Defendant Bixler filed the charge against Plaintiff with a malicious motive which is a requisite element of Plaintiff's malicious prosecution claim.

Thus, we will recommend that the Court dismiss Plaintiff's §1983 malicious prosecution claim under the Fourth Amendment against Defendant Bixler.

We also find that Plaintiff's state law abuse of process claim and malicious use of civil process claim against Defendant Bixler should be dismissed. At the outset, since we find that Plaintiff has not stated a viable federal claim against Defendant Bixler, we will recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law abuse of process claim and malicious use of civil process claim as well as his IIED claim under 28 U.S.C. §1367(c). *See Verdecchia v. Prozan*, 274 F.Supp.2d 712, 728 (W.D. Pa. 2003).

In *Perkins v. Staskiewicz*, 2009 WL 693176, *4, the Court stated:

> To state a claim for abuse of process under Pennsylvania law, a plaintiff must state that the defendant: "employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it." *McGee v. Feege*, 517 Pa. 247, 535 A.2d 1020, 1023 (Pa.1987). Abuse of process claims are distinguished from malicious use of civil process claims in that abuse of civil process claims are concerned with perversion of a civil process *after it is issued,* whereas malicious use of civil process claims have to do with the wrongful initiation of such process. *Id.*

47

The elements of an abuse of process claim under Pennsylvania law require that Defendant instituted legal process against Plaintiff "primarily to accomplish a purpose for which the process was not designed." *See Mills*, 598 F.Supp 2d at 558, n. 15 citing *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. 2008).

Plaintiff seems to raise both an abuse of process claim and a malicious use of civil process claim. (Doc. 5, p. 4 and Doc. 8). With respect to both state law claims, Plaintiff does not properly allege that any Defendant wrongfully initiated a civil process against him or that any Defendant frustrated a civil process after it was issued against him. Even if Plaintiff is construed as alleging that the forfeiture of his $9,333 was a civil process, he does not properly allege that any Defendant wrongfully initiated the forfeiture process against him or that any Defendant frustrated the forfeiture process after it was issued against him. In fact, Plaintiff's allegations make clear that his $9,333 was forfeited by Order of the York County Court. Thus, Plaintiff has failed to state an abuse of process claim and a malicious use of civil process claim against any Defendant. *See Perkins v. Staskiewicz*, 2009 WL 693176, *4-*5.

Specifically, with respect to Defendant Bixler, Plaintiff has not alleged that Defendant Bixler wrongfully initiated a civil process against him or that Defendant Bixler frustrated a civil process after it was issued against him. Plaintiff has failed to allege facts which support his abuse of process claim since he has not plead "the essential element of the tort-a frustration of the legal proceedings once commenced." *Perkins v. Staskiewicz*, 2009 WL 693176, *5. In fact, Plaintiff alleges and his Exhibit B show that the drug charge Defendant Bixler filed against him was *nolle prossed* by the York County Court on May 26, 2009, upon Motion of the District

48

Attorney's Office when there was a problem with the drug evidence.  Thus, "[n]o perversions of the legal process or actions relating to the legal proceedings are alleged." *Id.*

Therefore, we will recommend that Plaintiff's state law abuse of process claim and malicious use of civil process claim against Defendant Bixler be dismissed. *Id.* We will also recommend that the Court decline to exercise supplemental jurisdiction over all of Plaintiff's state law claims, including his IIED claim, since we find that he has failed to state a viable federal claim. *See Gagliardi v. Fisher*, 513F.Supp. 2d 492-93; *Gardner v. Luzerne County*, 645 F. Supp. 2d 325, 343-44 (M.D. Pa. 2009)(since federal claims were dismissed, the court declined to exercise supplemental jurisdiction over the state law claims.); *Starr v. Price*, 385 F. Supp.2d 502, 513 (M.D. Pa. 2005).[20]

## VII. Recommendation.

Based on the above, it is respectfully recommended that the Court grant Plaintiff's Motion for Leave to File an Amended Complaint. (**Doc. 7**). It is also recommended that all of

---

[20]Under Pennsylvania law, to state an IIED claim "Defendants' conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Hines v. Proper*, 442 F. Supp. 2d 216, 224 (M.D. Pa. 2006) citing Restatement Second of Torts §46, comment (d)(1965).  "In addition, Pennsylvania requires that competent medical evidence support a claim of alleged intentional infliction of emotional distress." *Id.* (citation omitted). "Finally, Pennsylvania law requires some type of physical harm due to the Defendant's outrageous conduct to satisfy the severe emotional distress element." *DiLoreto v. Costigan*, 600 F.Supp.2d 671, 691 (E.D. Pa. 2009) (citations omitted).  Plaintiff Burnett's failure to allege that he suffered only physical harm requires the dismissal of his IIED claim.

Plaintiff Barnett's claims against all nine (9) Defendants be dismissed, and that Plaintiff's original Complaint (**Doc. 5**) and his Amended Complaint (**Doc. 8**) be dismissed in their entirety.[21]

Additionally, it is recommended that the Court decline to exercise supplemental jurisdiction over all of Plaintiff's state law claims pursuant 28 U.S.C. §1367(c)(3).

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 24, 2011**

---

[21]Pursuant to our above discussion, we find futility of any further amendment of Plaintiff Barnett's claims against all nine Defendants, and we shall not recommend Plaintiff be granted leave to file a second amended pleading with respect to these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.).

# COURT OF COMMON PLEAS OF YORK COUNTY
## DOCKET



**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania

v.

Jomo Barnett

Page 1 of 12

## CASE INFORMATION

Cross Court Docket Nos: CR-0000169-08

Judge Assigned: Kennedy, John S.

OTN: K6542653

Initial Issuing Authority: DANIEL B GARBER

Arresting Agency: West Manchester Twp Police Dept

Case Local Number Type(s)

Date Filed: 07/22/2008        Initiation Date: 04/24/2008

Lower Court Docket No: CR-0000169-08

Final Issuing Authority: DANIEL B GARBER

Arresting Officer: Bixler, David B.

Case Local Number(s)

## RELATED CASES

| Related Docket No | Related Case Caption | Related Court | Association Reason |
|---|---|---|---|
| Joined Codefendant Cases | | | |
| CP-67-CR-0004375-2008 | Comm. v. Wallace, Darien Ranawn | CP-19-67-Crim | Consolidated |
| CP-67-CR-0004373-2008 | Comm. v. Barnett, Jomo | CP-19-67-Crim | Consolidated |

## STATUS INFORMATION

Case Status: Closed

| Status Date | Processing Status | |
|---|---|---|
| 05/26/2009 | Completed | Arrest Date:  04/24/2008 |
| 04/23/2009 | Awaiting Jury Trial | |
| 04/08/2009 | Awaiting Pre-Trial Conference | |
| 02/13/2009 | Awaiting Jury Trial | |
| 01/29/2009 | Completed | |
| 01/27/2009 | Awaiting Jury Trial | |
| 01/23/2009 | Awaiting Trial | |
| 12/15/2008 | Awaiting Jury Trial | |
| 12/03/2008 | Awaiting Trial | |
| 11/20/2008 | Completed | |
| 11/18/2008 | Awaiting Appellate Court Decision | |
| 11/17/2008 | Awaiting Jury Trial | |
| 08/14/2008 | Awaiting Pre-Trial Conference | |
| 07/22/2008 | Awaiting Formal Arraignment | |
| 07/22/2008 | Awaiting Filing of Information | |

Complaint Date:  04/24/2008

AOPC 2220 - Rev 05/17/2011

Printed: 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jomo Barnett

Page 2 of 12

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Arraignment | 08/15/2008 | 9:00 am | | | Scheduled |
| Pre-Trial Conference | 09/25/2008 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Scheduled |
| Suppression Motion Hearing | 10/27/2008 | 2:00 pm | Courtroom 3 | Judge John S. Kennedy | Cancelled |
| Suppression Motion Hearing | 11/17/2008 | 2:30 pm | Courtroom 3 | Judge John S. Kennedy | Scheduled |
| Status Hearing | 12/03/2008 | 9:00 am | | Judge John S. Kennedy | Scheduled |
| Criminal Jury Trial | 12/07/2008 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Moved |
| Criminal Jury Trial | 12/07/2008 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Moved |
| Criminal Jury Trial | 12/17/2008 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Cancelled |
| Criminal Jury Trial | 01/11/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Moved |
| Jury Trial | 01/20/2009 | 10:30 am | | Judge John S. Kennedy | Moved |
| Jury Trial | 01/21/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Scheduled |
| Criminal Jury Trial | 02/08/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Moved |
| Criminal Jury Trial | 03/08/2009 | 9:00 am | | Judge John S. Kennedy | Moved |
| Criminal Jury Trial | 03/16/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Moved |
| Criminal Jury Trial | 03/17/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Moved |
| Criminal Jury Trial | 03/18/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Moved |
| Withdraw as Counsel Hearing | 03/25/2009 | 9:30 am | | Judge John S. Kennedy | Scheduled |
| Criminal Jury Trial | 04/05/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Moved |
| Criminal Jury Trial | 04/06/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Moved |
| Criminal Jury Trial | 04/07/2009 | 9:00 am | | Judge John S. Kennedy | Moved |
| Criminal Jury Trial | 04/08/2009 | 9:00 am | | Judge John S. Kennedy | Scheduled |
| Pre-Trial Conference | 04/23/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Scheduled |
| Criminal Jury Trial | 05/03/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Scheduled |
| Status Hearing | 06/01/2009 | 9:00 am | Courtroom 3 | Judge John S. Kennedy | Cancelled |
| Criminal Jury Trial | 06/07/2009 | 9:00 am | | Judge John S. Kennedy | Cancelled |

Printed: 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jomo  Barnett

Page 3 of 12

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 08/28/2008 | MDJ Confinement | York County Prison | Bail Not Posted | Yes |
| 12/19/2008 | MDJ Confinement | York County Prison | Bail Not Posted | Yes |
| 05/13/2010 | DOC Confined | SCI Camp Hill | | Yes |
| 05/13/2010 | DOC Confined | SCI Camp Hill | | Yes |

## DEFENDANT INFORMATION

Date Of Birth:          05/03/1972

City/State/Zip:  York, PA  17408

Alias Name
Barnett, Jomo R.
Barnett, Jomo Rakim
Barnett, Jomo Sr

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Barnett, Jomo |

## BAIL INFORMATION

Barnett, Jomo

**Nebbia Status:  None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 04/24/2008 | Monetary | | $25,000.00 | | |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | F | 35 § 780-113 §§A30 | Manuf/Del/Poss/W Int Manuf Or Del | 04/24/2008 | K6542653 |

## DISPOSITION SENTENCING/PENALTIES

Disposition
  Case Event
    Sequence/Description
      Sentencing Judge
        Sentence/Diversion Program Type
          Sentence Conditions
            Linked Offense - Sentence

Disposition Date
  Offense Disposition
    Sentence Date
      Incarceration/Diversionary Period

Final Disposition
  Grade    Section
    Credit For Time Served
      Start Date

Link Type

Linked Docket Number

Lower Court Proceeding (generic)

AOPC 2220 - Rev 05/17/2011

Printed: 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Jomo Barnett

Page 4 of 12

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event Sequence/Description Sentencing Judge Sentence/Diversion Program Type Sentence Conditions Linked Offense - Sentence | Disposition Date Offense Disposition Sentence Date Incarceration/Diversionary Period Link Type | Final Disposition Grade   Section Credit For Time Served Start Date Linked Docket Number |
|---|---|---|
| Lower Court Disposition | 07/17/2008 | Not Final |
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Held for Court (Lower Court)      F | 35§780-113§§A30 |
| **Proceed to Court** | | |
| Information Filed | 08/06/2008 | Not Final |
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Held for Court              F | 35§780-113§§A30 |
| **Nolle Prossed (Case Dismissed)** | | |
| Status Hearing | 05/26/2009 | Final Disposition |
| 1 / Manuf/Del/Poss/W Int Manuf Or Del | Nolle Prossed (Case Dismissed)  F | 35§780-113§§A30 |

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| Name:    York County District Attorney's Office<br>            Prosecutor | Name:      James Richard Robinson, Esq.<br>              Private |
| Supreme Court No: | Supreme Court No:      051356 |
| Phone Number(s): | Rep. Status:      Active |
| (717) 771-9600    (Phone) | Phone Number(s): |
| Address: | |
| York County Courthouse<br>45 North George St.<br>York PA  17401 | Address:<br>  Miller, Poole & Lord LLP<br>  137 East Philadelphia Street<br>  York PA  17403 |
| | Representing: Barnett, Jomo |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/06/2008 | | York County District Attorney's Office |
| Notice of Consolidation | | | |
| Consolidated w/ Darien Wallace CR-4375-08 | | | |
| 1 | 07/22/2008 | | Court of Common Pleas - York County |
| Original Papers Received from Lower Court | | | |

AOPC 2220 - Rev 05/17/2011

Printed: 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY
## DOCKET



**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET

#### Court Case

Commonwealth of Pennsylvania

v.

Jomo  Barnett

Page 5 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 07/22/2008 | | Court of Common Pleas - York County |
| Arraignment Scheduled Aug 15 2008 9:00AM | | | |
| 1 | 07/28/2008 | | Court of Common Pleas - York County |
| Assigned to Judge: Kennedy, John S. | | | |
| 1 | 08/06/2008 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 1 | 08/14/2008 | | Kennedy, John S. |
| Arraigned | | | |
| 2 | 08/14/2008 | | Robinson, James Richard |
| Entry of Appearance | | | |
| 1 | 08/20/2008 | | Court of Common Pleas - York County |
| Pre-Trial Conference Scheduled 9/25/2008 9:00AM | | | |
| 1 | 09/15/2008 | | Robinson, James Richard |
| Omnibus Pre-Trial Motion | | | |
| 1 | 09/25/2008 | | Court of Common Pleas - York County |
| Suppression Motion Hearing Scheduled 10/27/2008 2:00PM | | | |
| 1 | 10/27/2008 | | York County Clerk of Courts |
| Suppression Motion Hearing Cancelled | | | |
| 1 | 10/29/2008 | | Court of Common Pleas - York County |
| Suppression Motion Hearing Scheduled 11/17/2008 2:30PM | | | |
| 1 | 11/05/2008 | | York County Court Administration |
| Proof of Service - 9/25/08 | | | |
| Robinson, James Richard | | | |
| 11/10/2008 | First Class | | |
| 1 | 11/17/2008 | | Kennedy, John S. |
| Order Denying Motion to Suppress Evidence | | | |

AOPC 2220 - Rev 05/17/2011

Printed: 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Jomo Barnett

Page 6 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 11/17/2008 | | Court of Common Pleas - York County |

Criminal Jury Trial Scheduled 12/7/2008 9:00AM

| 1 | 11/18/2008 | | Barnett, Jomo |

Notice of Appeal to the Superior Court
Commonwealth of Pennsylvania
    11/19/2008          Interoffice
Kennedy, John S.
    11/19/2008          Interoffice

| 2 | 11/18/2008 | | York County Court Administration |

Proof of Service 11/17/08 Order
Commonwealth of Pennsylvania
    11/18/2008          Hand Delivered
Robinson, James Richard
    11/18/2008          First Class

| 1 | 11/20/2008 | | Kennedy, John S. |

Appeal Dismissed Without Prejudice as Untimely
Barnett, Jomo
    11/20/2008          Interoffice
Commonwealth of Pennsylvania
    11/20/2008          Interoffice
Robinson, James Richard
    11/20/2008          First Class

| 1 | 11/21/2008 | | York County Court Administration |

Proof of Service 9/25/08
Robinson, James Richard
    11/25/2008          First Class

| 1 | 11/24/2008 | | Barnett, Jomo |

Motion for Pro Se
Commonwealth of Pennsylvania
    11/24/2008          Interoffice
Kennedy, John S.
    11/24/2008          Interoffice

AOPC 2220 - Rev 05/17/2011

Printed: 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET

**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET

### Court Case



Commonwealth of Pennsylvania

v.

Jomo  Barnett

Page 7 of 12

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/25/2008 | | York County Court Administration |
| Transcript of Proceedings Filed (11/17/08) | | | |
| esm | | | |
| 1 | 11/26/2008 | | Superior Court of Pennsylvania - Middle District |
| Docketing Statement From Superior Court | | | |
| 2042 MDA 2008 | | | |
| due 1/19/09 | | | |
| 1 | 12/01/2008 | | Court of Common Pleas - York County |
| Status Hearing Scheduled 12/3/2008  9:00AM | | | |
| | 12/03/2008 | | Barnett, Jomo |
| Pro Se Request for PreTrial Discovery | | | |
| 12/05/08 Forwarded to Counsel of Record Richard Robinson, Esq. | | | |
| 2 | 12/03/2008 | | Kennedy, John S. |
| Order Case to remain on the Trial List | | | |
| 1 | 12/15/2008 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 12/17/2008  9:00AM | | | |
| 1 | 12/17/2008 | | York County Court Administration |
| Proof of Service - 12/3/08 | | | |
| Robinson, James Richard | | | |
| 12/18/2008 | | First Class | |
| 2 | 12/17/2008 | | York County Clerk of Courts |
| Criminal Jury Trial Cancelled | | | |
| 3 | 12/17/2008 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 12/7/2008  9:00AM | | | |
| 1 | 12/23/2008 | | Barnett, Jomo |
| Pro Se Request for Discovery | | | |

Printed: 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET

### Court Case

Commonwealth of Pennsylvania

v.

Jomo Barnett

Page 8 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 12/23/2008 | | Court of Common Pleas - York County |

Criminal Jury Trial Scheduled 1/11/2009 9:00AM

  Case not reached during December Trial Term 2008.

| 1 | 12/29/2008 | | Barnett, Jomo |

Pro Se Petition Filed

  1. Application to Proceed In Forma Pauperis
  2. Request for PreTrial Discovery

  Forwarded to Counsel of Record: Richard Robinson, Esq.

| | 01/07/2009 | | Barnett, Jomo |

Pro Se Petitions Filed

  Petition for court Appointed Counsel
  Petition for Writ of Habeas Corpus
  01/09/08 Petitions forwarded to Counsel of Record: Richard Robinson, Esq.

| 1 | 01/16/2009 | | Court of Common Pleas - York County |

Jury Trial Scheduled 1/20/2009 9:00AM

| 1 | 01/20/2009 | | Court of Common Pleas - York County |

Jury Trial Scheduled 1/21/2009 9:00AM

| 1 | 01/23/2009 | | Court of Common Pleas - York County |

Case not Called during January Trial Term 2009

| 1 | 01/27/2009 | | Barnett, Jomo |

Pro Se Petition for Writ of Habeas Corpus

  01/28/09 Mailed to Counsel of Record - Richard Robinson, Esq.

| 2 | 01/27/2009 | | Court of Common Pleas - York County |

Criminal Jury Trial Scheduled 2/8/2009 9:00AM

  Case not reached during December Trial Term 2008.

| 1 | 01/29/2009 | 01/28/2009 | Superior Court of Pennsylvania - Middle District |

Appeal Discontinued

AOPC 2220 - Rev 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET

**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania

v.

Jomo Barnett

Page 9 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/09/2009 | | Renn, Richard K. |
| Pro Se Correspondence Filed | | | |
| 1 | 02/13/2009 | | Court of Common Pleas - York County |
| Case Not Reached During February Trial term | | | |
| 2 | 02/13/2009 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 3/8/2009  9:00AM | | | |
| Case not reached during December Trial Term 2008. | | | |
| 1 | 02/18/2009 | | Barnett, Jomo |
| Case Correspondence | | | |
| 1 | 03/12/2009 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 3/16/2009  9:00AM | | | |
| Case not reached during December Trial Term 2008. | | | |
| 1 | 03/13/2009 | | Robinson, James Richard |
| Motion to Withdraw Appearance | | | |
| 1 | 03/16/2009 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 3/17/2009  9:00AM | | | |
| Case not reached during December Trial Term 2008. | | | |
| 1 | 03/17/2009 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 3/18/2009  9:00AM | | | |
| Case not reached during December Trial Term 2008. | | | |
| 2 | 03/17/2009 | | Court of Common Pleas - York County |
| Withdraw as Counsel Hearing Scheduled 3/25/2009  9:30AM | | | |
| 1 | 03/20/2009 | | Barnett, Jomo |
| Pro Se Motion to Quash the Return of Transcript | | | |
| Forwarded to Counsel of Record:  Richard Robinson, Esq. | | | |

AOPC 2220 - Rev 05/17/2011

Printed:  05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY
## DOCKET



**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania

v.

Jomo Barnett

Page 10 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 03/23/2009 | | Court of Common Pleas - York County |
| Case not reached during March Trial Term | | | |
| 2 | 03/23/2009 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 4/5/2009  9:00AM | | | |
| Case not reached during December Trial Term 2008. | | | |
| 1 | 03/25/2009 | | Kennedy, John S. |
| Order Denying Motion to Withdraw Counsel | | | |
| 1 | 03/31/2009 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 4/6/2009  9:00AM | | | |
| Case not reached during December Trial Term 2008. | | | |
| 1 | 04/01/2009 | | York County Court Administration |
| Proof of Serv ice 03/25/09 Order | | | |
| Robinson, James Richard | | | |
| 04/01/2009 | First Class | | |
| York County District Attorney's Office | | | |
| 04/01/2009 | Hand Delivered | | |
| 1 | 04/06/2009 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 4/7/2009  9:00AM | | | |
| Case not reached during December Trial Term 2008. | | | |
| 1 | 04/07/2009 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 4/8/2009  9:00AM | | | |
| Case not reached during December Trial Term 2008. | | | |
| 1 | 04/08/2009 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 5/3/2009  9:00AM | | | |
| 2 | 04/08/2009 | | Court of Common Pleas - York County |
| Pre-Trial Conference Scheduled 4/23/2009  9:00AM | | | |
| 3 | 04/08/2009 | | Kennedy, John S. |
| Waiver of Rule 600 Against Commonwealth | | | |

AOPC 2220 - Rev 05/17/2011

Printed: 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY
## DOCKET



**Docket Number: CP-67-CR-0004373-2008**

# CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania

v.

Jomo Barnett

Page 11 of 12

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/23/2009 | | Court of Common Pleas - York County |

Criminal Jury Trial Scheduled 6/7/2009  9:00AM

---

| 2 | 04/23/2009 | | York County Court Administration |

Proof of Service 04/07/09 Order
Robinson, James Richard

| | 04/23/2009 | First Class |
Robinson, James Richard

| | 04/23/2009 | Hand Delivered |
York County District Attorney's Office

| | 04/23/2009 | Hand Delivered |

---

| 1 | 05/21/2009 | | Court of Common Pleas - York County |

Status Hearing Scheduled 6/1/2009  9:00AM

---

| 1 | 05/26/2009 | | Kennedy, John S. |

Nolle Prossed

  Cost on county

---

| 2 | 05/26/2009 | | York County Clerk of Courts |

Criminal Jury Trial Cancelled

---

| 3 | 05/26/2009 | | York County Clerk of Courts |

Status Hearing Cancelled

---

| 1 | 06/19/2009 | | York County Court Administration |

Proof of Service 04/23/09 Order
Robinson, James Richard

| | 06/19/2009 | First Class |
York County District Attorney's Office                    York County Court Administration

| | 06/19/2009 | Hand Delivered |

---

AOPC 2220 - Rev 05/17/2011

Printed:  05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY
## DOCKET



Docket Number: CP-67-CR-0004373-2008
# CRIMINAL DOCKET
#### Court Case

Commonwealth of Pennsylvania

v.

Jomo  Barnett

Page 12 of 12

## CASE FINANCIAL INFORMATION

Last Payment Date:

Total of Last Payment:

| Barnett, Jomo<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Transport Costs (York) | $29.00 | $0.00 | -$29.00 | $0.00 | $0.00 |
| Transport Costs (York) | $29.00 | $0.00 | -$29.00 | $0.00 | $0.00 |
| Transport Costs (York) | $29.00 | $0.00 | -$29.00 | $0.00 | $0.00 |
| Subpoena Costs (York) | $18.00 | $0.00 | -$18.00 | $0.00 | $0.00 |
| Subpoena Costs (York) | $9.00 | $0.00 | -$9.00 | $0.00 | $0.00 |
| Transport Costs (York) | $29.00 | $0.00 | -$29.00 | $0.00 | $0.00 |
| Transport Costs (York) | $29.00 | $0.00 | -$29.00 | $0.00 | $0.00 |
| Subpoena Costs (York) | $18.00 | $0.00 | -$18.00 | $0.00 | $0.00 |
| Subpoena Costs (York) | $9.42 | $0.00 | -$9.42 | $0.00 | $0.00 |
| Transport Costs (York) | $29.00 | $0.00 | -$29.00 | $0.00 | $0.00 |
| Transport Costs (York) | $29.00 | $0.00 | -$29.00 | $0.00 | $0.00 |
| Subpoena Costs (York) | $18.00 | $0.00 | -$18.00 | $0.00 | $0.00 |
| Subpoena Costs (York) | $9.42 | $0.00 | -$9.42 | $0.00 | $0.00 |
| Transport Costs (York) | $29.00 | $0.00 | -$29.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $313.84 | $0.00 | -$313.84 | $0.00 | $0.00 |
| Grand Totals: | $313.84 | $0.00 | -$313.84 | $0.00 | $0.00 |

** - Indicates assessment is subrogated

Printed: 05/17/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOMO BARNETT, | : | CIVIL ACTION NO. **1:CV-11-0906** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| YORK COUNTY, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 24, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where

51

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: June 24, 2011

52